**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

---

No. 01-40199

---

In the Matter of : EJB CONSTRUCTION, INC.,
doing business as Bracco Construction Company, Debtor,

VICTORIA AIR CONDITIONING, LTD.

Appellant,

VERSUS

BRACCO CONSTRUCTION CORP., INC., COMMERCIAL INDEMNITY
INSURANCE COMPANY,

Appellees.

---

Appeal from the United States District Court
For the Southern District of Texas
CA-C-00-303

---

December 18, 2001

Before DAVIS, WIENER and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Victoria Air Conditioning, Ltd., challenges the district court's affirmance of the bankruptcy court's judgment that allowed appellant subcontractor, EJB Construction, Inc., a $62,000 offset against Victoria Air Conditioning's recovery of the $86,118 contract price due it under its subcontract with Victoria. After

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

reviewing the record and the briefs of the parties, we reach the following conclusions with respect to this appeal:

1.  We decline to review the award of the contract price of $86,118 to Victoria because appellee Bracco took no cross-appeal.

2.  We affirm the $12,000 award in delay damage because we conclude that substantial evidence supports this award, and the bankruptcy court committed no reversible error in making this award.

3.  We are unable to either affirm or reverse the $50,000 lump sum award because the bankruptcy court did not explain how it arrived at this award in sufficient detail to permit judicial review.  More particularly, we cannot determine from the bankruptcy court's lump sum award what amount was awarded for each of the various items of damage included in the award. Consequently, it is necessary for us to remand this case to the bankruptcy court so it can provide more complete reasons for the $50,000 award.  On remand, the bankruptcy court should specify the amount awarded for each item of damages included in the $50,000 figure and provide an explanation of how it arrived at its award for each item.  If the bankruptcy court should find that it cannot support its original award for any item, the court should reduce or delete the award for that item.

For reasons stated above, we therefore vacate the judgment of the district court and remand this case to the district court with instructions to remand the case to the bankruptcy court so that the bankruptcy court can make further findings with respect to the $50,000 sum included in the offset against Victoria's award of the contract price sufficient to permit judicial review of that portion of the award.

VACATED and REMANDED.

2